UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAGILLE DUPLESSIS #376706** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0591** |
| **N. BURL CAIN, LA. STATE PRISON** | **SECTION "S" (2)** |

## ORDER AND REASONS

The court, having considered the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objection thereto, hereby overrules petitioner's objection and adopts the Magistrate Judge's Report and Recommendation as its opinion, as modified below. Accordingly, **IT IS ORDERED** that the petition of Ragille Duplessis for federal *habeas corpus* relief is hereby **DISMISSED WITH PREJUDICE**.

The Report and Recommendation concluded that Duplessis' petition, filed on January 19, 2005, was untimely under 28 U.S.C. § 2244(d). In his objection, Duplessis admits that he filed his petition after the explicit one-year period set forth in § 2244(d) expired, but argues that because he has asserted a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the time within which to file his petition was equitably tolled.

The Fifth Circuit has held that the one-year limitation period of § 2244(d) is subject to

equitable tolling,[1] and some courts have implied that equitable tolling may, in certain circumstances, be appropriate if a petitioner asserts a *Brady* claim.  *See, e.g., Fielder v. Varner*, 379 F.3d 113, 120 (3d Cir. 2004), *cert. denied*, 125 S.Ct. 904, 160 L.Ed.2d 801 (2005).

This court "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling."  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001).  *Brady* requires that evidence be withheld by the prosecution that is "material either to guilt or to punishment."  *Brady*, 373 U.S. at 87.  The touchstone of materiality is a reasonable probability of a different result.  *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

Duplessis contends that a supplemental police report was withheld by the prosecution, and that this supplemental police report could have been used to impeach Detective Ronald Livingston at trial.  Duplessis' claim is based on the fact that the narrative section of the supplemental report states that Haydee Denis identified Duplessis in a photographic lineup on June 7, 1997 as the individual who had robbed her, but the arrest warrant for Duplessis was issued on June 4, 1997.  However, at Duplessis' trial his counsel extensively cross-examined Detective Livingston about the dates and times of the photographic lineups.  Detective Livingston admitted that Denis' identification did not form a basis for the arrest warrant, which was instead based on separate identifications of Duplessis as the individual who robbed a

---

[1] *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

Popeye's restaurant on June 1, 1997.[2]  The arrest warrant in the record reflects that it was issued based upon Duplessis' alleged robbery of the Popeye's restaurant.

Based on the facts of this case, the court finds that Duplessis' claim does not involve evidence that was material under *Brady*, and does not present rare and exceptional circumstances justifying equitable tolling of the one-year limitations period.  Accordingly, Duplessis' petition is dismissed with prejudice.

New Orleans, Louisiana this 28th day of July, 2005.

_____
Mary Ann Vial Lemmon
United States District Judge

---

[2] Trial Transcript, November 10, 1998, at p. 26.  Detective Livingston first testified that Denis' photographic lineup had taken place on June 4, 1997, but during cross-examination admitted he was in error.  *Id.*